IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL BAKER, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § | FLSA COLLECTIVE ACTION |
| *Plaintiff*, | | |
| v. | | No.: 3:17-cv-468 |
| CELLULAR CITY, LTD., and SPRING COMMUNICATIONS HOLDING, INC., | | Jury Demanded |
| *Defendants*. | | |

## COMPLAINT

PLAINTIFF, Randall Baker, individually and on behalf of all others similarly situated, brings this action against the Defendants Cellular City, LTD., ("Cellular"), and Spring Communications Holding, Inc. ("Spring"), collectively ("Defendants"), and alleges as follows:

### I. JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendants who do business in this judicial district and in Dallas County, Texas in particular.

3. Venue also lies in the Northern District of Texas, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff Randall Baker is an adult who resides at 100 Betty Lou Drive, Tool, Texas 75143.

5. Plaintiff was employed by Cellular from approximately August 2010 until approximately August 2016.

6. Therefore, Plaintiff worked for Cellular within both the two and three year statute of limitations periods under the FLSA.

7. During his employment with Cellular Plaintiff was a covered employee under the FLSA.

8. Defendant Cellular is a covered "employer" under the FLSA, 29 U.S.C. § 203(d).

9. Defendant Cellular is a corporate entity doing business in Dallas County, Texas. Defendant Cellular's corporate offices are in Richardson, Texas at 903 Bowser Road, Richardson, TX 75081. Defendant Cellular City, LTD may be served with process through its registered agent, David C. Shanks, 3000 Altamesa Boulevard, Suite 300, Fort Worth, Texas, 76133.

10. In approximately August 2016, Defendant Spring acquired Cellular City, LTD.

11. Plaintiff is a current employee of Spring and has been since August 2016.

12. Accordingly, Plaintiff has worked for Defendant Spring within both the two and three year statute of limitations periods under the FLSA.

13. Defendant Spring is a corporate entity doing business in Henderson County, Texas. Defendant Spring Communications Holding, Inc. may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas, 75201.

14. In addition to the named Plaintiff, Defendants employ and have employed other similarly situated employees.

15. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

### III.  FACTUAL BASIS FOR SUIT

16. This is a collective action under the FLSA, 29 U.S.C. § 201 et seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by either Defendant, who worked overtime and/or "off the clock" time and who Defendant(s) paid or attempted to pay under a fluctuating workweek pay scheme.

17. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

18. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) is attached to the Complaint.

19. During Plaintiff's employment with Defendants, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

20. Upon information and belief, Defendants claim to compensate Plaintiff under a pay structure commonly known as the "fluctuating workweek."

21. Generally, under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is

actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

22. Alternatively, the Fair Labor Standards Act permits an employer to compensate its employees a fixed salary for "hours of work which fluctuate from week to week." 29 C.F.R. § 778.114. This is commonly known as the "fluctuating workweek."

23. When an employee is compensated based on the fluctuating workweek, "[p]ayment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement." 29 C.F.R. § 778.114.

24. "The 'fluctuating workweek' method of overtime payment may not be used unless . . . the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked." 29 C.F.R. § 778.114(c).

25. This method of overtime payment may only be used where there is a "clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours . . ." 29 C.F.R. § 778.114(a).

26. However, Defendant Cellular did not compensate Plaintiff and similarly situated employees a fixed salary regardless of the number of hours worked.

27. Rather, employees' pay was increased or decreased if an employee worked during a holiday or took bereavement leave.

28. Nor did Defendant Cellular have a clear mutual understanding with Plaintiff and similarly situated employees that their salary was intended to be compensation for all hours worked, regardless of number.

29. This is an improper use of the "fluctuating workweek." Because of Defendant Cellular's improper use of the fluctuating workweek, it cannot take advantage of the

"one-half" rate of overtime payment which is detailed in 29 C.F.R. § 788.114.

30. As a result, when Plaintiff and similarly situated employees worked more than forty (40) hours during a week, Defendant Cellular violated the FLSA when it did not fully compensate them at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

31. Defendant Spring acquired Cellular City, LTD in approximately August 2016.

32. Initially, when the company began operating as Spring Communications Holdings, Inc., Plaintiff and similarly situated employees continued working in the same building.

33. The employee workforce remained unchanged, employees used the same login credentials for the AT&T billing system, and employees sold the same products and services. Accordingly, there was and is substantial continuity in the business enterprise before and after the change of ownership.

34. Defendant Spring is liable for Defendant Cellular's improper use of the fluctuating workweek under a successor liability theory as that term is interpreted in the context of the FLSA.

35. In addition, since working for Defendant Spring, Plaintiff's supervisor regularly deducts hours worked from Plaintiff's paycheck in an effort to reduce the amount of overtime paid.

36. Upon information and belief, Defendant Spring conducts these same illegal pay practices with respect to its other similarly situated employees.

37. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically

§ 207(a)(1). As a result, Plaintiff and similarly situated employees have suffered lost wages.

38. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff is unable to state at this time the exact amount owed to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according to proof thus obtained and presented to the Court.

39. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40. Defendants' intentional failure to pay Plaintiff and other similarly situated employees all of their wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper and overtime compensation.

Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV. CAUSES OF ACTION

42. The forgoing facts are incorporated by reference as if fully stated herein.

43. Plaintiff brings the following claims against Defendant Cellular City, LTD:

    a. Improper use of the fluctuating workweek, resulting in failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*;

44. Plaintiff brings the following claims against Defendant Spring Communications Holding, Inc:

    b. Liability as a "successor" for Defendant Cellular City, LTD's improper use of the fluctuating workweek, resulting in failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*;

    c. Willful failure to pay Plaintiff for work performed "off the clock," resulting in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*;

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

C. A declaratory judgment that Defendants have willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

*/s/ J. Forester*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**Travis Gasper**
Texas State Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS AND SIMILARLY SITUATED EMPLOYEES**